## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
) ID#1211005646 A&B
v. )
)
TROY M. DIXON, )
)
Defendant )

Submitted: July 27, 2016
Decided: October 11, 2016

On Defendant's Amended Motion for Postconviction Relief. **DENIED.**

On Defendant's Motion to Compel. **DENIED AS MOOT.**

On Defendant's Motion for Correction of Sentence. **DENIED.**

# <u>ORDER</u>

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Anthony A. Figliola, Jr., Esquire, Figliola & Facciolo, Wilmington, Delaware, Attorney for Defendant as to the Amended Motion for Postconviction Relief.

Troy M. Dixon, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se* as to the Motion to Compel and Motion for Correction of Sentence.

COOCH, R.J.

This 11th day of October 2016, upon consideration of Defendant's Motion for Postconviction Relief, Motion to Compel, and Motion for Correction of Sentence:

1

## I.     FACTS AND PROCEDURAL HISTORY

1.     On January 7, 2013, a grand jury indicted Defendant on charges of Assault First Degree, Possession of a Firearm during the Commission of a Felony ("PFDCF"), Disregarding a Police Officer's Signal, Resisting Arrest, and Serious Injury Possession of a Firearm by a Person Prohibited ("PFBPP"). Before trial, Defendant moved to have the charge of Serious Injury PFBPP severed from the remaining charges and tried separately, which the trial court granted. On October 1, 2013, at the first trial, a jury convicted Defendant of Assault Second Degree (as the lesser include offense of Assault First Degree), PFDCF, and Resisting Arrest. Defendant's conviction for was affirmed by the Delaware Supreme Court on direct appeal.[1] On April 7, 2014, at a separate trial for the PFBPP charge, a jury found Defendant guilty of Simple PFBPP (as the lesser included offense of Serious Injury PFBPP). That conviction was also affirmed by the Delaware Supreme Court on direct appeal.[2]

2.     On December 2, 2014, Defendant filed a timely Motion for Postconviction Relief, in which he made numerous claims stemming from both trials. This Court appointed counsel, Anthony A. Figliola, Jr., to represent Defendant on the motion. On September 25, 2015, Defendant's appointed counsel filed an Amended Motion for Postconviction Relief. In the Amended Motion, Defendant's appointed counsel decided to pursue only one claim: that Defendant's trial counsel improperly requested that the Court not give the jury a limiting instruction after the State

---

[1] *Dixon v. State*, 2014 WL 4952360 (Del. Oct. 1, 2014) (rejecting Defendant's contentions that the trial court erred when it

> (i) allow[ed] two photographic lineups into evidence; (ii) den[ied] a mistrial based on a witness' unsolicited hearsay statement; (iii) admitt[ed] evidence of certain events on November 4, 2012 (four days before [Defendant] was arrested) that occurred at the Rebel nightclub and the Thunderguards motorcycle club where [the victim] was shot and killed; and (iv) den[ied] a mistrial after jurors had contact with two trial spectators in and outside of the courthouse.").

[2] *Dixon v. State*, 2015 WL 2165387 (Del. May 7, 2015) (rejecting Defendant's contention that the trial court violated Article I § 8 of the Delaware Constitution when it instructed the jury that it could find Defendant guilty Simple PFBPP as a lesser included offense of Serious Injury PFBPP, even though Simple PFBPP was not included in the indictment).

introduced evidence under D.R.E. 404(b). The Court granted Defendant's counsel's request and did not give a limiting instruction. After Defendant's trial counsel filed an affidavit in response to the motion and the State filed a response to the motion, the Court gave Defendant the opportunity to file a supplemental response to Defendant's Amended Motion for Postconviction Relief. Defendant filed such a supplemental response *pro se* on June 16, 2016.

3. On June 20, Defendant also filed *pro se* a Motion to Compel in which he requested records of police interviews, a transcript of a witness's statement to Defendant's trial counsel, and a transcript of Defendant's trial for PFBPP. On August 1, Defendant also filed *pro se* a Motion for Correction of Sentence pursuant to Superior Court Criminal Rule 35(a), alleging (implicitly) that the Court imposed an illegal sentence. The Court now addresses all of Defendant's motions in a single order.

## II. ANALYSIS

4. As a threshold matter, the parties agree that Defendant's Motion for Postconviction Relief is not procedurally barred by Superior Court Criminal Rule 61(i). The Court thus turns to the merits of Defendant's motion. Defendant's *pro se* Motion for Postconviction Relief raised numerous grounds for relief. In analyzing the merits of each of Defendant's claims, Defendant's appointed counsel stated *in toto* in Defendant's Amended Motion for Postconviction Relief:

> Claims raised by Mr. Dixon have been examined and at first blush have merit. However, for example, failure to raise alibi defense, nothing in [Trial] Counsel's file contains the name of the alibi witnesses Mr Dixon claims to have given to [Trial] Counsel, with the exception of Jason Baul[.] Counsel claims to have contacted Mr. Baul and it was determined [] that Mr. Baul's testimony would not be helpful. Trial counsel claims not to have received the names of other alibi witnesses. Dixon [stated] these witnesses could and would testify that Dixon was at Bell's funeral at the time of the shooting. My reading of the transcripts support the argument that Dixon was at the funeral of Mr. Bell, [and] the allegation is that Dixon left the funeral[,] followed the victim and thereafter committed the crime.

3

Counsel acknowledges that the witnesses may have been helpful to Dixon's case but the allegation that had counsel presented these witnesses he would have been found not guilty is by no means a certainty and again the file contains no correspondence confirming that the names of these witnesses were ever given to trial counsel.

Additional claims raised by Defendant that have been examined by Post Conviction Counsel and deemed to be without merit are as follows:

1.  Suggestive photo lineup, this issue was raised at trial and argued on direct appeal.  Dixon's allegation that the issue should have been raised pre trial is correct, however no prejudice can be shown in that it is an unsupported conclusion that had it been raised prior to trial that it would have been granted.  Further the trial record shows that Dixon was never identified as the shooter.

2.  Reverse 404(b)[,] Dixon argues that the actual shooter gave Dixon the gun after the crime had been committed. Dixon claims that person's record would have supported Dixon's claim.

    Counsel can find nothing in the transcripts or [trial] counsel's notes that this line of defense was ever considered. Though the claim may have merit if it was true, it cannot be supported by anything in the file or investigation that this issue was ever discussed.

3.  Failure to object to Identification instruction.  Identification was a key issue in this trial. Counsel finds that the identification instruction given by the trial Judge was the standard instruction giving no basis for an objection.

4.  Failure to object to flight instruction.  Post Conviction Counsel finds no merit in this argument. Dixon contends that the police lacked probable cause to stop and detain the vehicle since the plates on the vehicle hew as in differed from what was transmitted over police radio.  The fact that the plates were different is in fact a true statement as supported in the transcripts. [Appointed] Counsel, however, sees the basis for the instruction . . . . [Trial] Counsel could have objected to the instruction, however post conviction counsel believes the evidence as such warrants the instruction and an objection would have been overruled.

4

5. <u>Failure to Object to the testimony of Carl Rhone</u>[.] Again this is a conclusive argument on the part of defendant, there is nothing on the record or in the file to indicate a challenge to Carl Rhone would have been productive. Counsel is aware that Mr. Rhone's credentials have been challenged by counsel in other cases without success.

6. Other arguments raised by defendant such as failing to provide client with discovery, failure to investigate, failure to resubmit Motion for Judgment of Acquittal, failing to raise issues on appeal, [and] failing to supply defendant with the correct facts regarding witness statements and improper arguments in closing again fail to show that the outcome of the trial would have been different but for the action or inaction of counsel.

. . .

7. Defendant's second trial on the severed charge of PFBPP resulted in a finding of not guilty. Defendant claims counsel was ineffective in [the] first trial for failing to argue the points that led to a verdict of not guilty in the second trial. Defendant's reasoning is understandable but not supportable for an ineffective claim.

8. In arguing that counsel was ineffective for failing to object or raise the argument of Prosecutorial [Misconduct] regarding improper vouching for State's witness in closing. Postconviction counsel has reviewed this argument and believes the comments made by the prosecutor do not [rise] to the level requiring a reversal.[3]

5. This Court finds that the contentions not addressed by Defendant's appointed counsel are without merit for the reasons well stated in Defendant's Amended Motion for Postconviction Relief. The Court addresses separately the D.R.E. 404(b) issue.

6. In his Amended Motion for Postconviction relief, Defendant contends that he is entitled to a new trial because a cautionary instruction was not given to the jury after the State introduced evidence under D.R.E. 404(b). At trial, the Court permitted the State to present evidence that Defendant had an argument at a bar with someone who would later be the driver of the car in which the

---

[3] Def.'s Am. Mot. for Postconviction Relief, at 1-3.

victim in this case was shot for the purpose of establishing intent and motive under D.R.E. 404(b). Defendant submits that, under *Getz v. State*,[4] the Court "must" give a cautionary instruction concerning the purpose for which the evidence has been admitted.

7. At trial, Defendant's counsel had objected to the introduction of evidence under Rule 404(b). However, the Court overruled the objection and permitted the State to present the Rule 404(b) evidence. The Court then proposed a cautionary instruction, to which Defendant's trial counsel responded, "I prefer that it not be given at all. I think that it emphasizes events that I don't want to happen."[5] Recognizing Defendant's trial counsel's tactical decision, the Court did not give the jury any cautionary instruction. Defendant now contends that a cautionary instruction is "mandatory" and cannot be waived for strategic purposes. Accordingly, Defendant submits that this alleged error warrants a new trial.

8. Defendant's argument is inapposite, as requesting the omission of a cautionary instruction can be a proper tactical decision. In *Major v. State*, the Delaware Supreme Court analyzed a factually similar issue.[6] The trial court in *Major* had admitted evidence pursuant to Rule 404(b), but the defendant's trial counsel did not request a cautionary instruction as specified in *Getz*.[7] On appeal, the defendant contended that this constituted reversible error.[8] However, the Delaware Supreme Court held that "no such instruction was requested, perhaps for tactical reasons and to avoid emphasis, and it was not plain error under the circumstances to omit such an instruction."[9] Further, in *State v. Fogg*, this Court also considered the question of whether it must provide a limiting instruction following the admission of "prior bad acts" evidence under Rule 404(b).[10] This Court found that it did not err when it omitted such an instruction, and noted that "[trial counsel] testified

---

[4] *Getz v. State*, 538 A.2d 726, 734 (Del. 1988).
[5] Trial Tr. 40:9-12, Sept. 27, 2013.
[6] 1995 WL 236658, *2 (Del. Apr. 20, 1995).
[7] *Id.* at *1.
[8] *Id.* at *2.
[9] *Id.*
[10] 2002 WL 31053868, *27 (Del. Super. Sept. 10, 2002), *aff'd*, 2002 WL 31873705 (Del. 2002).

6

that he did not request such a limiting instruction specifically [for tactical reasons in order to avoid emphasis]."[11]

9. It is apparent that Defendant's trial counsel requested that the cautionary instruction be omitted for tactical reasons. In his Affidavit in Response to Amended Motion for Post Conviction Relief, Defendant's trial counsel stated (in addition to what he had advised the Court during the trial),

> Counsel for defendant and the co-defendant, both were of the belief that a cautionary instruction would be harmful to their clients, rather than beneficial as it would draw further attention to the prior bad act to such an extent that the court would halt the trial and address the jury directly about the bad act. This was a strategic decision by trial counsel.[12]

As the Delaware Supreme Court held in *Major*, and as this Court held in *Fogg*, this type of tactical decision is appropriate under Delaware Law.

10. In contending that trial counsel was ineffective when he made a tactical request that the court not give a cautionary instruction following the admission of evidence under Rule 404(b), Defendant must satisfy both prongs of the *Strickland* standard for ineffective assistance of counsel.[13] As the United States Supreme Court held in *Strickland v. Washington*, to prove ineffective assistance of counsel, a defendant must show that (1) his trial counsel's behavior was deficient when compared to an objective standard of reasonableness, and (2) that the deficient behavior prejudiced the outcome of the case.[14] In the case at bar, Defendant has failed to satisfy either prong of the *Strickland* analysis. As stated above, Defendant's trial counsel's tactical decision to request the Court omit a cautionary instruction does not constitute deficient conduct. Assuming, *arguendo*, that Defendant's trial counsel's strategic request did constitute deficient conduct, Defendant has failed to show how the allegedly deficient conduct prejudiced the outcome

---

[11] *Id.*

[12] Aff. in Resp. to Am. Mot. for Postconviction Relief, at 1.

[13] *State v. Floray*, 2000 WL 1211237, at *2 (Del. Super. Aug. 22, 2000), *aff'd*, 768 A.2d 469 (Del. 2001).

[14] 466 U.S. 668, 687 (1984).

of his trial. Accordingly, Defendant's claim that his trial counsel was ineffective is without merit.

11. Defendant also filed a Motion to Compel, requesting this Court to compel production of certain transcripts. In his motion, Defendant contends that the materials he is asking for will assist him in litigating his Motion for Postconviction Relief. However, because Defendant's Amended Motion for Postconviction Relief is denied, the Court denies Defendant's Motion to Compel as moot.

12. Finally, Defendant filed a Motion for Correction of Sentence under Superior Court Criminal Rule 35(a) with respect to his sentence for the PFBPP conviction. Rule 35(a) permits a defendant to petition the Court to "correct an illegal sentence . . . [or] correct a sentence imposed in an illegal manner."[15] "A sentence is illegal if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, or is not authorized by the judgment of conviction."[16] In the case at bar, Defendant's sentence was neither "illegal" nor was it "imposed in an illegal manner." Defendant's eight years at Level V supervision sentence for the charge of PFBPP was within the discretion of the Court. Accordingly, Defendant's Motion for Correction of Sentence under Rule 35(a) is without merit.

### III. CONCLUSION

Defendant's Motion for Postconviction relief is **DENIED.**

Defendant's Motion to Compel is **DENIED AS MOOT.**

Defendant's Motion for Correction of Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Richard R. Cooch*

Richard R. Cooch, R.J.

---

[15] Super. Ct. Crim. R. 35(a).
[16] *Collins v. State*, 2016 WL 5369484, at *1 (Del. Sept. 23, 2016).

8

oc: Prothonotary
cc: Investigative Services
Matthew B. Frawley, Esq.
Anthony A. Figliola, Jr., Esq.
Troy M. Dixon